80 P.3d 1046

**BANK OF THE WEST, fka United California Bank, Plaintiff–Appellant,**

v.

**LIFE INVESTORS INSURANCE COMPANY OF AMERICA, Defendant–Respondent.**

**Life Investors Insurance Company of America, Plaintiff–Respondent,**

v.

**Bank of The West, Defendant–Appellant.**

No. 28991.

Supreme Court of Idaho, Twin Falls, November 2003 Term.

Nov. 20, 2003.

Jeffrey E. Rolig, Twin Falls, for appellant. Jeffrey E. Rolig argued.

Stoel Rives, LLP, Boise, for respondent. Dale G. Higer argued.

EISMANN, Justice.

This is an appeal from the judgment in which the district court held that where the debtor twice granted security interests in the debtor's equipment to secure payment of two separate loans made by a lender, the second security interest did not have priority over an intervening security interest granted to another lender because the security agreement granting the first security interest did not contain a "future-advances" clause. We hold that the priority of the lender's second security interest is based upon the filing date of the lender's financing statement and therefore reverse the judgment of the district court.

## I. FACTS AND PROCEDURAL HISTORY

Arkoosh Produce, Inc., owns and operates a potato packing facility located in Gooding County, Idaho. During the summer of 1998, Arkoosh Produce approached Bank of the West seeking to obtain financing for its operations, including a line of operating credit. Bank of the West agreed to provide a commercial loan, contingent upon Arkoosh Produce refinancing its packing facility, and referred Arkoosh Produce to two lenders, one of which was an affiliate of Life Investors Insurance Company of America (Life Investors). While Arkoosh Produce and Life Investors were negotiating the refinancing of the packing facility, Arkoosh Produce overdrew its checking account at Bank of the West by the sum of $250,000. The bank was unwilling to carry the checking account in overdraft status, but it agreed to make a short-term loan to Arkoosh Produce to pay the overdraft. On January 25, 1999, Arkoosh Produce executed and delivered to Bank of the West a promissory note for the amount of the overdraft and a security agreement to secure payment of that note. By the security agreement, Arkoosh Produce granted Bank of the West a security interest in various types of collateral, including its equipment. To perfect its security interest, Bank of the West duly filed a financing statement on February 3, 1999.

On February 19 and 22, 1999, Arkoosh Produce finalized its negotiations with Life Investors and signed a formal agreement for a $2 million loan. The loan documents included a promissory note and a security agreement by which Arkoosh Produce granted Life Investors a security interest in various types of collateral, including its equipment. To perfect its security interest, Life Investors duly filed a financing statement on March 1, 1999.

On March 5, 1999, Bank of the West entered into another agreement to extend credit to Arkoosh Produce. As part of this transaction, Arkoosh Produce granted Bank of the West a security interest in various items of collateral, including its equipment. Funds advanced under this agreement were then used to pay off the earlier short-term loan of

$250,000. Bank of the West did not file a new financing statement in connection with this second security agreement.

Arkoosh Produce later defaulted on the loans made by Life Investors and Bank of the West. Bank of the West filed this action on June 2, 2000. Shortly thereafter, Arkoosh Produce filed for bankruptcy protection. Both Bank of the West and Life Investors were granted relief from the automatic stay so that they could pursue the collateral. On April 6, 2001, Life Investors filed its action. Both lawsuits were consolidated on September 11, 2001.

Both parties moved for partial summary judgment seeking a determination of the priorities of their respective security interests in the equipment. The district court held that Life Investor's security interest had priority over that of Bank of the West. On September 11, 2002, the district court awarded a judgment to Life Investors in the sum of $1,811,414, plus costs and attorney fees, and a judgment to Bank of the West in the sum of $1,960,537.43, plus costs and attorney fees. The judgment also ordered the sale of Arkoosh Produce's real and personal property, with the proceeds applied first to pay Life Investor's judgment. Bank of the West then filed this appeal.

## II. ANALYSIS

The district court held that because the Bank of the West security agreement dated January 25, 1999, did not include a "future-advances" clause, the security interest created by its second security agreement dated March 5, 1999, did not have priority over the intervening security interest granted to Life Investors that was perfected on March 1, 1999. In reaching its decision, the district court relied upon *Idaho Bank & Trust Co. v. Cargill, Inc.*, 105 Idaho 83, 665 P.2d 1093 (Ct.App.1983), and *Farmers National Bank v. Shirey*, 126 Idaho 63, 878 P.2d 762 (1994). In *Cargill,* the Court of Appeals held that if a security agreement does not contain a clause covering future advances, such advances do not fall within the scope of that security agreement. In *Shirey,* we held that the security agreement at issue did secure future advances where it granted a security interest

"to secure payment and performance of the liabilities and obligations of Debtor to Secured Party of every kind and description ... due or to become due, now existing or hereafter arising." In this case, however, the priority of security interest granted to Bank of the West on March 5, 1999, does not depend upon whether there was a future-advances clause in the earlier security agreement dated January 25, 1999.

The issue in this case is the priority of the security interest granted to Bank of the West on March 5, 1999. That priority is governed by former Idaho Code § 28-9-312(5)(a), which, at the time relevant here, provided as follows:

In all cases not governed by other rules stated in this section ..., priority between conflicting security interests in the same collateral shall be determined according to the following rules:

(a) conflicting security interests rank according to priority in time of filing or perfection. Priority dates from the time of filing is first made covering the collateral or the time the security interest is first perfected, whichever is earlier, provided that there is no period thereafter when there is neither filing nor perfection.

Ch. 272, § 15, 1995 Idaho Sess. Laws, 873, 915. Thus, the priority of Bank of the West's security interest granted under the March 5, 1999 security agreement is the time of filing or the time of perfection, "whichever is earlier." The time of filing is the date that the financing statement was filed by Bank of the West describing the collateral at issue— the equipment. That financing statement was filed on February 3, 1999, and so the priority of the security interest granted to Bank of the West on March 5, 1999, relates back to February 3, 1999. It therefore has priority over the security interest of Life Investors, which was perfected on March 1, 1999.

Life Investors argues that the financing statement filed by Bank of the West on February 3, 1999, should not be considered as applicable to the March 5, 1999 security agreement because one of the principals of

**448**

Arkoosh Produce testified that "there was no contemplation about the future when we signed that [financing statement]." It is irrelevant whether or not the debtor subjectively intended that the financing statement would apply to a future security agreement executed by the debtor. The purpose of a financing statement is simply to give notice to the world that designated parties have entered into a secured transaction covering the described collateral. *J.K. Merrill & Son, Inc. v. Carter,* 108 Idaho 749, 702 P.2d 787 (1985). The financing statement does not list the security agreements to which it applies. In fact, the security agreement need not even exist at the time the financing statement is filed. Former Idaho Code § 28–9–402(1), at the time relevant here, provided, "A financing statement may be filed before a security agreement is made or a security interest otherwise attaches." Ch. 307, § 1, 1996 Idaho Sess. Laws 1006. The financing statement simply puts a potential creditor on inquiry notice. *Whitworth v. Krueger,* 98 Idaho 65, 558 P.2d 1026 (1976). The financing statement filed by Bank of the West on February 3, 1999, put Life Investors on notice that Bank of the West claimed a security interest in Arkoosh Produce's equipment. If it wanted a security interest in the equipment that had priority over Bank of the West's security interest, then Life Investors needed to contact Bank of the West to reach such an agreement.

Life Investors also argues that it should be equitably subrogated to the priority of the security interest of the lender whose loans were paid with proceeds from the Life Investors' loan. The district court did not rule upon that issue, and so we will not consider it on appeal. If it was properly raised below, the district court can consider it on remand.

### III. CONCLUSION

The judgment of the district court holding that the security interest of Life Investors in Arkoosh Produce's equipment has priority over that of Bank of the West is reversed. This case is remanded for further proceedings consistent with this opinion. Costs on appeal are awarded to Bank of the West.

Chief Justice TROUT, and Justices SCHROEDER, KIDWELL and Justice Pro Tem SCHILLING concur.